UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID GORDON OPPENHEIMER,<br>Plaintiff, | § § § § | CA No. _____ |
| v. | § § | |
| HEIDELBERG MATERIALS US, INC.,<br>d/b/a LEHIGH HANSON, INC.<br>Defendant. | § § § § | **JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant HEIDELBERG MATERIALS US, INC. d/b/a LeHigh Hanson, Inc. ("Heidelberg" or "Defendant"), alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. § 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3.   Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4.   Defendant Heidelberg Materials, Inc. d/b/a LeHigh Hanson, Inc. *("Heidelberg")* is a corporation organized under the laws of the State of Delaware and will receive actual notice of this filing by service upon its Registered Agent, Corporation Service Corporation, 211 E. 7th Street, #620, Austin, Texas 78701-3218 or wherever it may be found.

## INTRODUCTORY FACTS

5.   Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the aerial photograph at issue in this matter (the "Work" **Exhibit 1**).

6.   Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com, and available for direct print sales on purchase as prints online at Fine Art America's websites fineartamerica.com and pixels.com.

7.   Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration issued for this work, entitled *"Miami and South Florida Aerial Photographs by David Oppenheimer"* bearing certificate number VAu 1-356-215, and the photograph on deposit at the U.S. Copyright Office for said registration certificate.

8.   At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Oppenheimer's copyright in the above-described Work is presently valid and subsisting, was valid

and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

9. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyright-registered photographs when they are first published by him, and thereafter. The Work as displayed on the Fine Art America websites has Oppenheimer's notice of copyright in an adjacent caption in addition to a Fine Art America watermark on its face, and if one attempts to download the Work from one of the Fine Art America websites, Oppenheimer's name is prominently included in the filename. Thus, Defendants were on notice that the Work was copyright protected.

Fewer than three (3) years before this filing, Oppenheimer discovered that one or more of the Defendants, and/or someone at their direction, infringed his copyrights by copying, distributing, and/or displaying (or directing others to do so) his protected Work in order to advertise and market their real estate business on the following Universal Resource Locators ("URLs"):

**Webpage URLs:**

1. https://www.facebook.com/lhansoninc/photos/a.561940497312930/1439327772907527/
2. https://twitter.com/LehighHanson/status/1224007151708000256
3. https://www.linkedin.com/posts/lehigh-hanson_projectsofthedecade-lehighhanson-superbowlliv-activity-6629772842189766656-ivbM/

**Image URLs:**

1. https://scontent-atl3-1.xx.fbcdn.net/v/t1.6435-9/84343823_1439327776240860_5849501958276120576_n.jpg?_nc_cat=109&ccb=1-5&_nc_sid=2c4854&_nc_ohc=f1dufWlOpikAX-9fqzp&_nc_ht=scontent-atl3-1.xx&oh=00_AT9dL2n-XfhA8VVygW6CsdApmu-5soHwekudk9aCOIuiUA&oe=621EFE02
2. https://pbs.twimg.com/media/EPyMBJ8W4AYDEht?format=jpg&name=thumb
3. https://pbs.twimg.com/media/EPyMBJ8W4AYDEht?format=jpg&name=small
4. https://pbs.twimg.com/media/EPyMBJ8W4AYDEht?format=jpg&name=medium
5. https://pbs.twimg.com/media/EPyMBJ8W4AYDEht?format=jpg&name=large
6. https://media-exp1.licdn.com/dms/image/C4D22AQH660pPXC_ObQ/feedshare-shrink_2048_1536/0/1580661020856?e=1646870400&v=beta&t=ifHo-8eNFvsM3E8GOnflL_9Z6AYU5H7l6atdk3wLIDA **Exhibit 3 – Infringed Work.**

10. Upon information and belief, the Defendant, and/or someone at its direction, located and accessed Oppenheimer's Works at www.fineartamerica.com or www.pixels.com, then downloaded (or copied) the Work, and then publicly displayed the same on the World Wide Web.

11. On or September 1, 2022, Oppenheimer's attorney sent a cease and desist and request for information letter to the Defendant-Infringer identifying all of the known infringing URLs and demanding that Defendant cease and desist from its ongoing infringement, as well as seeking information about the uses to which the work had been put, profits received, and the like (**Exhibit 4**).

12. After repeated demands for the Defendants to cease and desist in its infringing activities, and to resolve Oppenheimer's claims pre suit, it has become clear that Defendant is contemptuous of Oppenheimer's copyrights, and suit has thus become necessary.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

13. Oppenheimer re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

14. Defendant has non-willfully infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photographs within the United States in violation of Title 17.

15. Upon information and belief, Defendant has benefitted from the infringement of the Work, while Oppenheimer has suffered and will continue to suffer damages, irreparable injury to his business, reputation, and goodwill; therefore, Oppenheimer is entitled to injunctive relief, disgorgement of Defendant's profit, and other relief set forth in the Title.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

16. Oppenheimer re-alleges and incorporates paragraphs 1 – 12 above as if recited *verbatim*.

17. Alternatively, Defendant has recklessly/willfully infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

18. As is his pattern and practice, the Work was clearly marked with notices of copyright and additional CMI — including with a legible facial watermark, embedded metadata, and/or in an adjacent caption or the file. Oppenheimer does this to distinguish his Work from the works of others in his field, to provide a way for potential licensees to contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it.

19. Upon information and belief, the Defendant, and/or a third party acting on its behalf, saw Oppenheimer's CMI prior to, and after scraping it from the World Wide Web.

20. Therefore, because Defendant had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work, and still used it without license or authorization, the Defendant is deemed a reckless/willful infringer of the Work.

21. Upon information and belief, the Defendant has benefitted from its infringements of the Work, while Oppenheimer has suffered and will continue to suffer damages; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

## RELIEF REQUESTED

WHEREFORE, Oppenheimer respectfully requests that the Court enter judgment in his favor and against the Defendant as follows:

A. That Defendant, its agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyright in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendant provide an accounting of all gains, profits and advantages derived by them because of the willful and unlawful acts of copyright infringement above described;

C. That Defendant be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all profits attributable to its infringements, and which are not considered in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

D. In the alternative, and at Oppenheimer's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed, pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

E. That Defendant be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c); *and*

F. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**February 2, 2023**                                          **LEJUNE LAW FIRM**

By: */s Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
2401 Fountainview Drive, Ste. 312
PMB 2361
Houston, Texas 77057-4808
Tel: 713.942.9898

dlejune@triallawyers.net
Attorney for Plaintiff